IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT WEIGAND, individually and on, behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MAXIM HEALTHCARE SERVICES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  No. 2:15-cv-04215-NKL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Defendant Maxim Healthcare Services, Inc. moves to dismiss or strike the class action allegations from Plaintiff Robert Weigand's complaint, either because the proposed class is not sufficiently numerous, or because Weigand is not an adequate class representative. [Doc. 5.] The motion is denied.

**I.   Background**

Weigand alleges that his former employer, Maxim, failed to pay overtime compensation to him and other Maxim staffing recruiters, in violation of Missouri's minimum wage law, Mo. Rev. Stat. § 290.505.1 (requiring all employers to pay employees at least one and one-half their regular rate of pay for all hours worked in excess of 40 hours per workweek). The proposed class is defined as "[a]ll individuals who at any time during the applicable statutory time period were employed by Maxim Healthcare Services, Inc. in the state of Missouri as salaried Staffing Recruiters." [Doc. 1, p. 5, ¶ 20.] Weigand alleges that "[o]n information and belief, the number of salaried Staffing Recruiters in Missouri numbers over 50 individuals[,]" and that joinder of all class members would be impracticable. [*Id.*, p. 5, ¶ 22.] He also alleges that "it is economically infeasible for Class members to prosecute individual actions of their own given the relatively

small amount of damages at stake for each individual along with the fear of reprisal by their employer." [*Id.*, p. 6, ¶ 26.] Weigand further alleges that he and the proposed class "are entitled to recover in a civil action the unpaid balance of the full amount of the overtime pay for all hours worked." [*Id.*, p. 7, ¶ 34.]

Maxim submitted the affidavit of its Manager of Employee Relations, Ricky Santico, with its suggestions in support of its motion. [Doc. 6-1.] Santico states that based on Maxim's personnel records, the proposed class is composed of 25 individuals, and he included a list of their names. He further states that on September 19, 2013, Maxim rolled out a mandatory mutual arbitration agreement applicable to all new hires. All individuals hired after that date were required to sign the agreement in connection with the hiring process. In February 2014, Maxim extended the mandatory mutual arbitration requirement to all then-current employees. Maxim's vice president for human resources sent an email to all employees, directing them to log into their personnel accounts to review the mandatory arbitration agreement. Employees were instructed to sign and return a hard copy of the agreement to the human relations department, or "ratify[] the agreement through their continued employment beyond March 11, 2014." [Doc. 6-1, pp. 3-4, ¶ 7.] When employees logged into their personnel accounts as directed, they could review the agreement and then click a box indicating they had completed their review.

With respect to the 25 individuals whom Santico lists:

- Five were hired after September 19, 2013, and signed the agreement as part of the hiring process;
- From March 4 through April 11, 2014, six individuals logged into their personnel accounts and checked the box indicating they had reviewed the agreement, and they continued their employment with Maxim;
- One individual printed and signed the agreement on February 25, 2014, and returned it to the human relations department;

2

- Nine individuals continued working for Maxim through the "ratification period"; and
- Four individuals, including Weigand, are not subject to mandatory arbitration.

[Doc. 6-1, p. 5, ¶¶ 11-14[1].]

Maxim further states that some Missouri Staffing Recruiters have opted into a pending class action filed against Maxim in the state of Washington, *Wilson v. Maxim Healthcare Services, Inc.,* case no. 2:14-cv-00789 (W.D. Wa.), filed by the same Plaintiffs' counsel who represents Weigand in the case before this Court.

**II.    Discussion**

Maxim has moved to dismiss or strike Weigand's class action allegations at the pleading stage, under Fed. R. Civ. Pro. 12(b)(1), 12(b)(6), 12(f), 23(c)(1), and 23(d)(1). Maxim argues Weigand cannot meet Rule 23(a)(1)'s numerosity requirement, whether the size of the class is 25 individuals, or four individuals—after those whom Maxim claims are subject to mandatory arbitration are excluded. Maxim additionally argues that Weigand is not an adequate class representative, because he is not subject to mandatory arbitration and therefore cannot represent individuals who are subject to it.

Before addressing the substantive issues of numerosity and adequacy of representation, the Court must address whether the materials Maxim submitted may be considered on its motion to dismiss or motion to strike.

    **A.    Whether evidence outside the pleadings may be considered in connection with the motion to dismiss**

Maxim asks that the class allegations be dismissed for failure to state a claim or lack of subject matter jurisdiction, relying on evidence it submitted with its suggestions—the Santico

---

[1] In addition to the list of the 25 individuals attached to his affidavit, Santico attaches copies of signed arbitration agreements, the notices Maxim management sent to employees, and certificates reflecting the names of the employees who had completed a review of the mandatory arbitration agreement online.

3

Case 2:15-cv-04215-NKL   Document 24   Filed 01/11/16   Page 3 of 8

affidavit and documents attached to the affidavit. Because this material is not part of Weigand's pleadings, the Court cannot consider this material at this time.

"In addressing a … motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings and matters of public record." *Illig v. Union Elec. Co.,* 652 F.3d 971, 976 (8th Cir. 2011) (internal quotations omitted). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley,* 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir. 2003)).

Weigand alleges in the complaint that he and other salaried Staffing Recruiters in Missouri were employed by Maxim, and were not paid overtime compensation as required by Missouri's minimum wage law. He further alleges that the number of Missouri Staffing Recruiters exceeds 50, on information and belief; and that joinder of all class members would be impractical.

Weigand did not attach to or quote in the complaint any contracts between Staffing Recruiters and Maxim. Weigand's claims are not based on arbitration agreements, or on Maxim's emails and other communications about such agreements. Weigand also disputes Santico's assertion that the number of Missouri Staffing Recruiters is limited to 25, and disputes the validity of the arbitration agreements. The Santico affidavit and related documents are clearly materials outside the pleadings, and the Court will not consider them for purposes of Maxim's motion to dismiss for failure to state a claim.

Maxim also moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, stating that courts may consider evidence outside the pleadings without converting such a motion to one for summary judgment. [Doc. 6, p. 6, citing *Osborn v. U.S.,* 918 F.2d 724, 728-30 (8th

4

Cir. 1990).] Maxim cites no authority in support of its argument that this Court's subject matter jurisdiction depends upon Weigand's ability, or inability, to establish Rule 23(b)'s requirements of numerosity and adequacy of representation, and this Court is not aware of any. To the contrary, "[t]he class action nature of a lawsuit generally has little impact on a court's authority to hear a lawsuit[.]" NEWBERG ON CLASS ACTIONS § 6:2 (5th ed.). "[T]he class action mechanism is a joinder device, governed by procedural rules, that defines what claims and parties are part of a lawsuit." *Id.* Maxim's mere inclusion of reference to Rule 12(b)(1) in connection with its motion to dismiss does not suffice to permit the Court to consider evidence outside the pleadings.

Maxim cites *U.S. for Use of Lighting and Power Servs., Inc. v. Interface Construction Corp.*, 553 F.3d 1150, 1153 (8th Cir. 2009), in support of its argument that Rule 12(b)(1) applies, stating, "The Eighth Circuit has permitted a motion raising an arbitration obligation to be treated as a Rule 12(b)(1) motion to dismiss." [Doc. 6, p. 6.] That authority does not stand for the broad proposition Maxim suggests, and does not change the analysis. *U.S. for Use of Lighting* did not concern assessment of numerosity and adequacy of representation; it was not a class action. The case concerned the questions of who should decide whether the parties' dispute was arbitrable—a court or an arbitrator, and whether the parties' specific dispute was in fact arbitrable.

The Eighth Circuit stated in its opinion, "[Defendant] presented its motion to compel arbitration as a Rule 12(b)(1) motion to dismiss on a limited record. Thus, our cupboard of facts is relatively bare." 553 F.3d at 1152. The Eighth Circuit proceeded to recite the few facts it had, but never explained whether they came from the pleadings or materials outside the pleadings, nor did the court indicate whether the parties agreed on those facts. The Eighth Circuit ultimately held that where the contract was otherwise silent, the question of who decided arbitrability was for a court to decide, not an arbitrator. It then concluded that the parties' dispute was not subject

5

to arbitration under the terms of their contract, and that the motion to compel arbitration had been properly denied by the lower court. Thus, the case does not stand for the broad proposition that "motion[s] raising an arbitration obligation" [Doc. 6, p. 6] necessarily implicate a court's subject matter jurisdiction, and that any matters outside the pleadings may be considered in connection with a Rule 12(b)(1) motion to dismiss concerning an arbitration issue.

Finally, even if the Court considers Maxim's evidence for purposes of its motion to dismiss for lack of subject matter jurisdiction, the Court clearly has subject matter jurisdiction and Defendant's argument to the contrary is not even plausible on its face.

### B.  Rule 23(a)(1), numerosity

Maxim argues that 21 individuals out of the 25 whom it identified are subject to binding arbitration, and that the mandatory terms of the arbitration agreements preclude the participation of those 21 individuals in a class action suit relating to their compensation, such as this one. Therefore, Maxim argues, only four persons remain who can participate in the class, a number too small to establish numerosity. Maxim argues that even a class of 25 cannot meet the numerosity threshold. Weigand disputes the validity of the arbitration agreements, and does not concede that the class size is limited 25, stating that discovery has not been performed.

Arbitration is an affirmative defense, Rule 8(c), and Maxim has not yet filed its answer and any affirmative defenses. The Eighth Circuit does permit affirmative defenses to be raised on a motion to dismiss, if the basis therefor is apparent on the face of the complaint, which the Eighth Circuit has interpreted to include "material[s] embraced by the complaint." *Quinn v. Owen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). *See also C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (complaint, with its attachments, provided sufficient bases for a res judicata defense to be raised by motion to dismiss). Here, the arbitration defense does not appear on the face of Weigand's complaint. As discussed above, the

6

arbitration agreements Maxim attached to its suggestions are not embraced by Weigand's complaint, and so cannot be considered in connection with Maxim's motion to dismiss.

As for Maxim's argument that the maximum size of the class is 25, there is not yet an evidentiary record for the Court to determine the size of the class. But even if the Court were to consider the class size capped at 25 for purposes of the motion to dismiss, the motion would still be denied. The Eighth Circuit has "not established any rigid rules regarding the … size of [a] class" that is necessary to satisfy Rule 23(a). *Emanuel v. Marsh,* 828 F.2d 438, 444 (8th Cir. 1987), *cert. granted and jmt. vacated on other grounds,* 487 U.S. 1229 (1988). Thus, "a relatively small number of potential plaintiffs does not necessarily defeat class certification." *Rattray v. Woodbury County, Iowa*, 253 F.R.D. 444, 452 (N.D. Iowa 2008), *aff'd sub nom. Rattray v. Woodbury County, IA*, 614 F.3d 831 (8th Cir. 2010) (citation omitted). For example, a class of 20 has been held sufficiently numerous. *Arkansas Educ. Ass'n v. Board of Educ.,* 446 F.2d 763, 765 (8th Cir. 1971).[2]

### C. Rule 23(a)(4), adequacy

Under Rule 23(a)(4), "the representative parties must fairly and adequately protect the interests of the class." This means the class representatives and their attorneys must be "able and willing to prosecute the action competently and vigorously," and that "each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge." *Carpe v. Aquila, Inc.*, 224 F.R.D. 454, 458 (W.D. Mo. Sept. 13, 2004).

Relying on the materials outside the pleadings, Maxim argues Weigand is not an adequate class representative because he is one of the few Missouri Staffing Recruiters who is

---

[2] *See also Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967) (class of 18 sufficient); *Bublitz v. E.I. du Pont de Nemours & Co.*, 202 F.R.D. 251, 256 (S.D. Iowa 2001) (class of 17 sufficient); *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996) (class of 18 sufficient); *Crenshaw v. Maloney,* 1976 WL 13311 (D. Conn. 1976) (class of 16 sufficient); *Dale Electronics v. R.C.L. Electronics, Inc.,* 53 F.R.D. 531, 534 (D.N.H. 1971) (class of 13 sufficient)).

7

not subject to mandatory arbitration, in contrast to the majority of other Staffing Recruiters who allegedly are. Because the issue of who is or is not bound by an arbitration agreement cannot be resolved at this time, Maxim's motion to dismiss on the basis of inadequacy must be denied.

### D. Rule 12(f), request to strike

Maxim also asks that Weigand's class allegations be stricken under Rule 12(f), which provides for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading, and is the primary procedure for objecting to an insufficient defense. But Maxim identifies no redundant, immaterial, impertinent, or scandalous matter in Weigand's complaint. The point of Maxim's motion is to have dismissed the class action aspect of the complaint, so as to foreclose class discovery and other class action proceedings. For the same reasons already discussed, such a dismissal is not appropriate on this record.

## III. Conclusion

Defendant Maxim Healthcare Services, Inc.'s motion to dismiss or strike the class action allegations from Plaintiff Robert Weigand's complaint [Doc. 5] is denied. The Court cannot conclude that dismissal of the class claims is proper, even if the class is limited to no more than 25 persons.

.

                                            s/ Nanette K. Laughrey
                                            NANETTE K. LAUGHREY
                                            United States District Judge

Dated: January 11, 2016
Jefferson City, Missouri